IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 300 MR WCM

| | | |
|---|---|---|
| THOMAS SCHWABEL, | ) | |
| Plaintiff, | ) | ORDER |
| v. | ) | |
| TRUE NATURE EDUCATION, INC., | ) | |
| Defendant. | ) | |

This matter is before the Court on "Plaintiff's Motion for an Additional Thirty (30) Days to Associate with Local Counsel and File its Pro Hac Vice Motion and Response to Order to Show Cause" (the "Motion," Doc. 16).

I. Background

On October 28, 2020, the undersigned granted in part a similar motion by Plaintiff's counsel and extended the deadline for Plaintiff to associate local counsel and file a motion seeking *pro hac vice* admission through and including November 11, 2020. In addition, Plaintiff was directed to file, also on or before November 11, 2020, proof that Defendant had been served. See Docs. 11 & 12.

On November 12, 2020, Plaintiff's counsel filed a second motion requesting a thirty-day extension of Plaintiff's deadline to associate local counsel and to file a *pro hac vice* motion. Plaintiff's counsel represented that "[w]e are still in the process of finding local counsel. Plaintiff is in touch with

1

Defendant discussing settlement and is hopeful a settlement can be reached." Doc. 13, p. 1. Plaintiff did not, however, provide any response regarding service on Defendant in his November 12, 2020 filing.

On November 13, 2020, the undersigned denied Plaintiff's second motion for an extension of time to associate local counsel without prejudice, and advised Plaintiff that he could file on or before November 20, 2020 either a renewed motion for extension of his deadline to associate local counsel or a *pro hac vice* motion seeking the admission of Plaintiff's lead counsel in this matter, pursuant to the Local Rules. Additionally, Plaintiff was directed to show cause, on or before November 20, 2020, why Plaintiff failed to provide proof of service and why the undersigned should not recommend that the presiding District Judge dismiss this action. Doc. 14.

On November 15, 2020, Plaintiff's counsel emailed a completed Proof of Service form to the Clerk of Court. That document, which was entered on this Court's docket on November 16, 2020, indicates that Defendant was served on June 15, 2020. Doc. 15.

On November 20, 2020, Plaintiff filed the instant Motion in which Plaintiff's counsel requests an additional thirty (30) days to associate local counsel, explaining that "it has been difficult to locate counsel with copyright law experience willing to work on a contingency fee basis." Doc. 16, p. 1. Plaintiff's counsel additionally apologizes for his "administrative oversight" in

2

failing to timely submit the completed Proof of Service form and "assures the Court that Plaintiff will promptly comply with Court-ordered deadlines moving forward." Doc. 16, pp. 1-2.

II. Discussion

### A. Association of Local Counsel

Plaintiff's counsel has been aware since early October that the case was being transferred to this District and Plaintiff's counsel received specific notice on October 19 that he was required to associate local counsel here. That deadline was extended to November 11 and even thereafter Plaintiff has had an opportunity to find local counsel. That Plaintiff has experienced difficulty finding local counsel who will agree to appear on terms Plaintiff would prefer does not relieve him of the general obligation to associate local counsel as required by this Court's Local Rules. See LCvR 83.1(b).

The undersigned will provide one last limited extension of the deadline to associate local counsel. No further extensions will be considered absent extraordinary circumstances.

### B. Service of Defendant

As discussed, Plaintiff failed to submit proof of service by November 11, as directed by the undersigned. Four days later, Plaintiff did provide proof of service; Plaintiff's counsel explains that he missed the deadline "as a result of administrative oversight," Doc. 16 at 1, though he does not further elaborate

3

on the circumstances. The Court will, in its discretion, accept this representation, particularly as it appears Defendant has been served.[1]

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for an Additional Thirty (30) Days to Associate with Local Counsel and File its Pro Hac Vice Motion is **GRANTED IN PART**, and the deadline for Plaintiff to file a *pro hac vice* motion seeking the admission of Plaintiff's lead counsel in this matter, pursuant to the Local Rules, is **EXTENDED** through and including December 4, 2020.

2. The Court's prior show cause Order (Doc. 14) is **DISCHARGED**.

Signed: November 23, 2020

W. Carleton Metcalf
United States Magistrate Judge

---

[1] However, Defendant has not appeared or filed responsive pleadings and Plaintiff has not moved for the entry of default. Although the undersigned does not reach the issue here, Plaintiff is advised that he has "a general duty to prosecute [his case], and a district court has the authority to dismiss a plaintiff's action because of his failure to prosecute, either upon a defendant's motion or *sua sponte*." Feagin v. Blockbuster Inc., No. 3:09-cv-532-RJC, 2016 WL 3148390, at * 1 (W.D.N.C. June 2, 2016) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962)).